# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

| | |
|---|---|
| **DR. GLORIA DANSBY-GILES** | **PLAINTIFF** |
| **V.** | **CIVIL ACTION NO. 3:07-CV-452 HTW-LRA** |
| **JACKSON STATE UNIVERSITY** | **DEFENDANT** |

**and**

| | |
|---|---|
| **DR. FRANK GILES** | **PLAINTIFFS** |
| **V.** | **CIVIL ACTION NO. 3:07-CV-597 HTW-LRA** |
| **JACKSON STATE UNIVERSITY** | **DEFENDANT** |

## ORDER GRANTING SUMMARY JUDGMENT

Before the court are two non-consolidated lawsuits with various motions. The first suit between Dr. Gloria Dansby-Giles and Jackson State University features a motion for summary judgment[1] [docket no. 38] brought by defendant Jackson State University against plaintiff Dr. Gloria Dansby-Giles. Plaintiff Dr. Gloria Dansby-Giles has submitted a motion for leave to file a supplemental response [docket no. 50] to defendant's motion for summary judgment.

In the second suit between Dr. Frank Giles and Jackson State University, the court also considers a motion for summary judgment [docket no. 34]. Defendant

---

[1]Rule 56 (b) of the Federal Rules of Civil Procedure provides:

(b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.

Jackson State University also brings this motion.

Plaintiff Dr. Gloria Dansby-Giles, a professor at Jackson State University, of Jackson, Mississippi, a publically-funded Mississippi institution,[2] filed a complaint in the Circuit Court of Hinds County against defendant Jackson State, alleging that she had suffered discrimination and retaliation under the American with Disabilities Act of 1990 (ADA).[3] Plaintiff alleged six counts: discrimination under the ADA, retaliation, intentional infliction of emotional distress, the tort of outrage, breach of contract, and tortious interference with business and/or contractual relations. Defendant Jackson State subsequently removed this state court action to this federal forum.

Plaintiff Dr. Frank Giles, also a professor at Jackson State University and the husband of Dr. Gloria Dansby-Giles, filed a similar complaint against Jackson State University in the Circuit Court of Hinds County, Mississippi. Defendant, too, removed this action to this court. Giles thereafter filed an amended complaint in this court, claiming to qualify under the ADA for a charge of retaliation secondary to the complaints of his spouse, Dr. Gloria Dansby-Giles. Giles alleged four counts: retaliation pursuant to the ADA[4] or Title VII of the Civil Rights Act of 1964,[5] intentional infliction of emotional distress, the tort of outrage, and breach of contract.

---

[2] Miss. Code Ann. § 37-101-1

[3] Title 42 U.S.C. § 12101 et seq.

[4] Title 42 U.S.C. § 12203

[5] 42 U.S.C.S. § 2000e et seq.

## I. Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F.R.C.P. Rule 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

## II. State Law Claims

In their respective briefs responding to summary judgment, the Gileses have conceded their state law claims, namely, intentional infliction of emotional distress, the tort of outrage, breach of contract and tortious interference with business and/or contractual relations. Left are the claims of discrimination and retaliation for Dr. Gloria Dansby-Giles and the retaliation claim for Dr. Frank Giles. The Gileses bring their claims of discrimination and retaliation under Title I of the ADA[6], which covers employment discrimination against the disabled.

## III. Facts

Plaintiff Dr. Gloria Dansby-Giles has been employed as a Jackson State University (JSU) faculty member since 1991. Having come to JSU as an assistant professor, she is now a tenured professor in the School of Education's Department of School, Community and Rehabilitation Counseling. Plaintiff's job responsibilities includes teaching masters level courses, conducting research and performing

---

[6]Under Title I of the ADA, no covered employer may discriminate against "a qualified individual with a disability because of the disability of such individual" in any of the "terms, conditions [or] privileges of employment," 42 U.S.C. § 12112 (a).

community and professional services. *Id.* Jackson State University is an urban university which offers a variety of undergraduate and graduate level degrees.

Plaintiff Dr. Frank Giles has also been employed as a JSU faculty member since 1991. Dr. Frank Giles is a tenured full professor in the College of Education and Human Development.

Dr. Velvelyn Foster, the Vice-President for Academic Affairs and Student Life, assumed her current responsibilities in 2006. Dr. Daniel Watkins, the Dean of the School of Education, first served as the interim dean beginning in February of 2006 and was officially named to his current position in October of 2007.[7] Dr. Jean Farish-Jackson is the Chair of the Department of School, Community, and Rehabilitation Counseling within the College of Education.

The Department of School, Community and Rehabilitation Counseling is located on the third floor of the Joseph H. Jackson School of Education building ("SEB") on the JSU campus. Plaintiff's office along with other faculty of the department was initially located on the third floor of the same building. The SEB has an operational elevator.

Plaintiff uses her personally-owned audio-visual equipment in performing her job duties. Choosing not to take the elevator, plaintiff would carry her personal equipment from her car up the stairs to her third-floor office and classroom each day. On April 20, 2004, plaintiff fell and injured her wrists while carrying her equipment up the stairs. Since her fall, plaintiff has suffered various health issues with her hand and wrists and consistently has been under a doctor's care for treatment of her injury. Plaintiff also

---

[7] Plaintiff claims that she was retaliated against for requesting accommodations in the fall of 2004. Neither Dr. Foster nor Dr. Watkins held their current positions at that time.

4

has a foot condition which has caused her podiatrist to request that she not climb stairs. Plaintiff has submitted no documentation addressing whether or how the condition of her hands and feet impair or affect her daily living activities.

According to the Complaint, on October 27, 2004, plaintiff informed JSU that she was a qualified person under the ADA and required accommodations to perform her job duties. On April 11, 2005, plaintiff submitted a request to the JSU Office of Support Services for Students and Employees with Disabilities and asked for the following accommodations: "To move classrooms and office to first floor of the School of Education Building; To allow someone to pick up mail and other instructional items from the office on the third floor of the School of Education Building[; and] To allow someone to take reports to the Department of School, Community and Rehabilitation Counseling." **Ex. VI, at N.** Along with this request, plaintiff submitted documentation of her alleged disability which consisted of memos from two of her treating physicians, her order for physical therapy, and post-surgical instructions dated November 4, 2003.[8] The memos that plaintiff provided do no more than list her diagnosis and the requested accommodation. The ADA Coordinator subsequently wrote a memo to then Dean of the School of Education, Dr. Ivory Phillips, stating that plaintiff "has submitted documentation of a disability to this department and *may* require ... accommodations ... ." (emphasis added) **Ex. VI, at M.** Plaintiff submitted identical requests to the ADA Coordinator each following semester. The ADA Coordinator sent similar notifications to the Dean of the School of Education following each of plaintiff's requests.

---

[8] This surgery occurred before plaintiff injured her hand and was unrelated to her alleged disability.

5

Plaintiff Dr. Gloria Dansby-Giles filed her Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on November 27, 2006.  **Ex. I, at 9.**  The EEOC issued a right to sue letter on March 14, 2007.  Plaintiff filed this action on June 5, 2007.

Plaintiff Dr. Frank Giles filed his Charge of Discrimination with the EEOC on April 8, 2004.  **Ex. A, at 2.**  Plaintiff subsequently filed another Charge of Discrimination with the EEOC.  The EEOC issued a right to sue letter on May 25, 2007.  Plaintiff Frank Giles then filed this action on August 23, 2007.

### IV.  The Eleventh Amendment and Immunity

The parties dispute whether immunity provided by the Eleventh Amendment of the United States Constitution bars this suit.  The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State."  "[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."  *Edelman v. Jordan*, 415 U.S. 651, 662-63, 39 L. Ed. 2d 662, 94 S. Ct. 1347 (1974).  However, sovereign immunity is not absolute. Congress can abrogate a State's sovereign immunity in a valid exercise of to enforce the Fourteenth Amendment, and a State may waive its immunity by consenting to suit.  *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002) (citing *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 144 L. Ed. 2d 605, 119 S. Ct. 2219 (1999)).  Jackson State contends that Congress did not validly

abrogate the states' sovereign immunity with regard to Title I of the ADA; thus, Mississippi's Eleventh Amendment immunity bars this suit. The Gileses respond that Jackson State has waived its Eleventh Amendment immunity by removing this matter.

Jackson State, citing *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001), argues that the Eleventh Amendment bars suits against states by private individuals for money damages under Title I of the ADA. In Title 42 U.S.C. § 12202, a portion of the ADA, Congress declared that "[a] State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of [the ADA]." In *Garrett*, the United States Supreme Court explained that in order to abrogate Eleventh Amendment immunity and authorize private individuals to recover money damages against the States, there must be a pattern of discrimination by the States which violates the Fourteenth Amendment, and the remedy imposed by Congress must be congruent and proportional to the targeted violation. *Id. at 374.* The Court determined that those requirements were not met with regard to Title I of the ADA. *Id.* Therefore, the Court concluded that Congressional enactment of Title I of the ADA is an invalid abrogation of the State's Eleventh Amendment immunity. *Id.*

The Gileses' response concerns the second means of circumventing Eleventh Amendment immunity - waiver. The Gileses each contend that the Eleventh Amendment does not bar this suit because Jackson State waived its immunity when it removed these cases to federal court. In order for a state to waive its sovereign immunity, the state must declare "an unequivocal waiver specifically applicable to

federal-court jurisdiction." *Estes v. Wyoming*, 302 F.3d 1200, 1203 (10th Cir. 2002) (quoting Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241, 87 L. Ed. 2d 171, 105 S. Ct. 3142 (1985)).

The Gileses direct this court to *Lapides v. Bd. of Regents*, 535 U.S. 613, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002), in which the United States Supreme Court held that a State's act of removing a lawsuit from state court to federal court waives its Eleventh Amendment immunity. 535 U.S. at 616, 624. The United States Court of Appeals for the Fifth Circuit subsequently explained that the states enjoy two types of immunity they may choose to waive or retain separately - immunity from suit and immunity from liability. *Meyers v. Texas*, 410 F.3d 236, 254 (5th Cir. 2005). The Fifth Circuit determined that in *Lapides* when the State of Texas removed the case, the State waived immunity from suit but not immunity from liability. *See Meyers*, 410 F.3d at 254-55. In other words, after removal "[a state] may assert its state sovereign immunity as defined by its own law as a defense against the plaintiffs' claims in the federal courts, but it may not use it to defeat federal jurisdiction or as a return ticket back to the state court system." *Meyers v. Texas*, 454 F.3d 503, 504 (5th Cir. 2006). The waiver that results from a state's removal does not affect or limit the State's ability to assert whatever rights, immunities or defenses are provided for by its own sovereign immunity law to defeat the claims against the State and finally on their merits in the federal courts. *Id.* at 504.

Accordingly, when Jackson State removed this case to federal court it voluntarily invoked the jurisdiction of the federal courts and waived its immunity from suit in federal

8

court. This waiver is not, however, conclusive as to whether Jackson State has waived its immunity from liability. Jackson State's immunity from liability rests upon whether Mississippi has put forth an unequivocal waiver of its immunity with regards to claims under the ADA. Upon review of Mississippi law, this court finds no such waiver and nor have plaintiffs pointed to any such waiver.

If there is any doubt whether claims of disability discrimination can be maintained under the ADA against this defendant, the state has made it abundantly clear. Some may argue, which this plaintiff has not, that the state has waived sovereign immunity to claims under the ADA pursuant to Miss. Code § 25-9-149, which provides as follows:

> It is the intent of the legislature that no person seeking employment in state service, as defined in section 25-9-107, Mississippi Code of 1972, or **employed in state service**, as defined in section 25-9-107, Mississippi Code of 1972, shall be discriminated against on the basis of race, color, religion, sex, national origin, age or handicap.

A full reading of that statute, however, certainly demonstrates that the state has not waived immunity with respect to claims against these defendants. State service employees referred to within this statute are those defined in Miss. Code Ann. § 25-9-107. That statute provides the following definitions:

> The following terms, when used in this chapter, unless a different meaning is plainly required by the context, shall have the following meanings:
>
> * * * *
>
> (B) "State service" shall mean all employees of state departments, agencies and institutions as defined herein, except those officers **and employees excluded by this chapter.**

9

> (C) "Nonstate service" shall mean the following officers and employees excluded from the state service by this chapter. **The following are excluded from the state service:**
>
> * * * *
>
> (viii) All academic officials, members of the teaching staffs and **employees of the state institutions of higher learning**, the State Board of Community and Junior Colleges, and community and junior colleges.

(Emphasis added).

Thus, § 25-9-149 does not apply, and Mississippi has not waived its immunity to suit under the ADA with respect to those under the employ of the Institutions of Higher Learning. *See Garrett*, 531 U.S. 356; *Kimel v. Florida Bd. Of Regents*, 528 U.S. 62, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000).

This court therefore concludes that plaintiffs' federal claims, all arising under Title I of the ADA, are barred by Mississippi's Eleventh Amendment immunity.

### III. Motion for Leave to File Supplemental Response

Plaintiff Dansby-Giles has filed a motion for leave to file a supplemental response [docket no. 50]. She requests leave to file a response in order to provide more specific factual evidence regarding the retaliation and discrimination she has endured. The court denies the motion. This supplemental response would provide no enlightenment on the immunity issue which is a legal question.

### III. Conclusion

For the foregoing reasons, defendant Jackson State's motion for summary judgment [docket no. 38] is granted as to plaintiff Dr. Gloria Dansby-Giles. Also, defendant Jackson State's motion for summary judgment [docket no. 34] is granted as

to plaintiff Dr. Frank Giles.  Lastly, plaintiff Dr. Gloria Dansby-Giles' motion for leave to file a supplemental response [docket no. 50] is denied.  Both lawsuits are terminated since all of plaintiffs' claims have been voluntarily dismissed by the plaintiffs (state law claims) or dismissed by the court (the ADA claims).  This court, pursuant to the local rules, will enter a separate judgment.

**SO ORDERED**, this the 28th day of February, 2010.

**s/ HENRY T. WINGATE**

_____
**CHIEF JUDGE
UNITED STATES DISTRICT COURT**

Civil Action No. 3:07-cv-452 HTW-LRA
Order Granting Motion for Summary Judgment
Order Denying Motion for Leave to File Supplemental Response

Civil Action No. 3:07-cv-597 HTW-LRA
Order Granting Motion for Summary Judgment